Law Offices of Hyung Seok Kim LLC
Hyung Seok Kim (HK5442)
61-43 186th Street Suite 310
Fresh Meadows, NY 11365
T. 718-939-0700
F. 201-301-8893
James@hskimlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SON JONG SUNG, on behalf himself and
others similarly situated,

                       Plaintiff,

     -against-

TOP SYSTEM ALARM INC., IN JOO CHUNG a/k/a
CHARLES CHUNG, JOHN DOES 1-10 (said names
being fictitious) and JOHN ROE CORPS. 1-10
(said names being fictitious),

                      Defendants.

-------------------------------------------------------------X

Case No. 21-cv-2446

**FLSA COLLECTIVE
ACTION COMPLAINT**

      Plaintiff, SON JONG SUNG ("Sung" or "Plaintiff"), by and through his attorney, Law

Offices of Hyung Seok Kim, LLC, complaining of Defendants TOP SYSTEM ALARM INC.,

IN JOO CHUNG a/k/a CHARLES CHUNG, JOHN DOES 1-10 (said names being fictitious)

and JOHN ROE CORPS. 1-10 (said names being fictitious) hereby avers as follows:

## INTRODUCTION

      1.     Plaintiff allege that, pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum

wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-

judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours"  premium for each day his work hours exceeded  ten (10) hours, (d) liquidated and statutory damages, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff Sung is an individual currently residing within the County of Queens, City and State of New York.

6.     Defendant, TOP SYSTEM ALARM INC. ("Company") is a domestic business entity engaged in installation and maintenance of security and fire alarm systems for small businesses and residences which is located at 47-25 Parsons Blvd. Flushing, New York 11355 and upon information and belief, is an entity organized and existing pursuant to the laws of the state of New York, with a principal place of business at 47-25 Parsons Blvd. Flushing, New York 11355.

7.     Defendant, IN JOO CHUNG a/k/a CHARLES CHUNG is the president and the chief executive officer of the Company and upon information and belief, Mr. Chung is one of the

2

owners, shareholders, officers and /or agents of, and possess operational control over and an ownership interest in the Company.

8.     Upon information and belief, Defendant Chung is a resident of the State of New York.

9.     Defendants, John Does 1-10 and John Roe Corps. 1-10, are fictitious names for individuals, businesses and/or corporate entities that may be liable for the claims stated herein.

10.     Mr. Chung participates in the day-to-day operations of the Company, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations hereunder, and is jointly and severally liable with the Company.

11.     Defendant Chung exercised control over the terms and conditions of Plaintiff's employment in that he has the power and authority to, and does in fact: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) create and maintain employment records.

12.     In or about March 2016, Defendants employed Sung to work as non-exempt an installer of security and fire alarm for the Company, where Sung's job duties included, but were not limited to, installation and maintaining the security and fire alarm system.

13.     At lease within each of the three (3) recent years relevant to the allegations herein, Defendant TOP SYSTEM ALARM INC. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on

goods or materials that have been moved in or produced for commerce, and (ii) has and has had had an annual gross volume of sales of not less than $500,000.

14.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

15.    Defendants knowing and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

16.    Defendants knowing and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.    Defendants knowing and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of New York Labor Law.

18.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19.    Defendant Chung is present at the Company every day and actively participates in its day-to-day operation. Chung supervised and directs the work of the employees, instruct the employees on how to perform their jobs.

20.    Defendant Chung creates and establishes all business policies, and makes all crucial business decisions, including those as to the job duties of the employees, the number of hours the employees are required to work, the amount of pay the employees are to receive, and the method by which the employees are to be paid.

21.    In or about March 2016, Defendants employed Sung to work as non-exempt an installer of security and fire alarm for the Company, where Sung's job duties included, but were not limited to, installation and maintaining the security and fire alarm system.

4

22.    Plaintiff and Defendants agreed that Plaintiff Sung would work forty (40) hours per week.

23.    Neither at the time of hire, nor anytime thereafter, did Defendants provide Plaintiff with a written wage notice setting forth, among other things, Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

24.    Plaintiff continued to work for the Defendants in such capacities until on or about March 20, 2020.

25.    From March 2016 through July 2019, Plaintiff worked five (5) days per week at least ten (10) hours per day Monday through Friday from 8:00 a.m. until 6:30 p.m. or 7:30 p.m. and Plaintiff worked at least five (5) hours every other Saturday from 8:00 a.m. until 2:00 p.m. or 3:00 p.m.  Plaintiff would normally receive a thirty (30) minute lunch break per day.

26.    From March 2016 through July 2019, Plaintiff worked over eleven (11) hours at least 3 times per months from 8:00 a.m. until 8:00 p.m.

27.    From July 2019 through March 20, 2020, Plaintiff worked five (5) days per week at least eleven (11) hours per day Monday through Friday from 8:00 a.m. until 7:30 p.m. or 8:00 p.m. Plaintiff would normally receive a thirty (30) minute lunch break per day.

28.    Plaintiff worked over forty (40) hours per week.

29.    Defendants did not require Plaintiff to punch a time clock or other time-recording device at the start and end of each work day.

30.    From the beginning of his employment and continuing through in or about March 20, 2020, Plaintiff was not paid proper minimum wages and overtime compensation.

31.    From March 2016 through December 2017, Plaintiff was paid at the rate of $800 per week in cash.

32.    From January 2018 through December 2018, Plaintiff was paid at the rate of $830 per week in cash.

33.    From January 2019 through March 20, 2020, Plaintiff was paid at the rate of $880 per week by check.

34.    Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

35.    Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with proper and accurate wage statements setting forth the correct amount of his gross wages, deductions; and net wages.

36.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees' statutory minimum wages in violation of the FLSA and New York Labor Law.

37.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

38.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

39.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

40.    Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since April 2, 2018 through the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or at rates less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

41.    The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources; access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

42.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment

7

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

43.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

44.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

45.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.    Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d.     Whether Defendants failed to pay Plaintiff and the Collective Action Members minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

e.     Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.     Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

46.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

47.     Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

### STATEMENT OF CLAIM

#### COUNT I
#### [Violation of the Fair Labor Standards Act]

48.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs ~'1" through "47" of this Complaint as if fully set forth herein.

9

49.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50.    Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. § 207(a).

51.    At all relevant times, Defendants employed Plaintiff the Collective Action Members within the meaning of the FLSA.

52.    Upon information and belief, at Least within each of the three (3) most recent years relevant to the allegations herein, defendant TOP SYSTEM ALARM INC has had gross revenues in excess of $500,000.

53.    Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

54.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

55.    Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

56.    Plaintiff and the Collective Action Members are entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

57.    Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

58.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

59.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

60.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 et seq., including 29 U.S.C. §§ 211(c) and 215(a).

61.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

62.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

63.     Due to Defendants' intentional, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid

minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

64.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Violation of the New York Labor Law]

65.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66.    Defendants employed Plaintiff within the meaning of New York Labor Law§§ 2 and 651.

67.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

68.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the statutory rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

69.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff a "spread of hours" premium for each day in which his shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations§ 142.2-4.

70.    Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law§ 195(3) and New York State Department of Labor Regulations§ 142-2.7.

71.    Defendants failed to provide Plaintiff with written notice of his regular hourly rate of pay and corresponding overtime rate of pay, any tip credits or deductions taken, and their regular designated payday, in contravention of New York Labor Law § 195(1).

72.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

73.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations§ 142-2.6.

74.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, statutory damages, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and§ 198.

75.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SON JONG SUNG, on behalf of himself and all other similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law;

(f)     Statutory damages pursuant to the New York Wage Theft Prevention Act;

(g)     Prejudgment and post-judgment interest;

(h)     Costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: Fresh Meadows, New York
        March 31, 2021

Respectfully submitted,

Law Offices of Hyung Seok Kim LLC
*Attorney for Plaintiff*
61-43 186th Street Suite 310
Fresh Meadows, NY 11365
T. 718-939-0700
F. 201-301-8893

By: _____
        Hyung Seok Kim (HK5442)

15

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, SON JONG SUNG, am an individual formerly employed by TOP SYSTEM ALARM

INC., and/or related entities. I consent to be a plaintiff in the above-captioned action to collect

unpaid wages.

Dated: Fresh Meadows. New York
March 31, 2021

SON JONG SUNG

1