

HENRY L. KIM*
JOSHUA S. LIM*
KENDAL SIM*
SEAN S. KWAK*
JOHN CHEN*

OF COUNSEL
NICHOLAS J. DUBOIS*
CRAIG A. BORGEN**♦

\* Admitted in NJ & NY
\*\* Admitted in CA, NJ, NY & PA
♦ Certified by the Supreme Court
  of New Jersey as a Civil Trial Attorney

460 Bergen Boulevard, Suite 305, Palisades Park, NJ 07650
T: 201.585.7400   F: 201.585.7422

NY Office:
164-01 Northern Boulevard, 2nd Floor
Flushing, NY 11358
T: 718.539.7400   F: 877.833.2007

Reply to NJ address only

January 18, 2024

<u>Via ECF</u>
United States District Court
Eastern District of New York
Attn: Hon. Ramon E. Reyes, Jr., U.S.M.J.
225 Cadman Plaza East, Courtroom 2E North
Brooklyn, NY 11201

      **RE: SON JONG SUNG v. TOP SYSTEM ALARM, INC., et al.**
      **CASE NO.: 1:21-cv-2446**
      **MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Dear Judge Reyes:

      As Your Honor is aware, this office represents the Plaintiff, Son Jong Sung ("Plaintiff"), in the above-referenced matter. Plaintiff respectfully submits this letter-motion for the approval of the parties' settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims. At this time, the parties have executed a settlement agreement ("Agreement"), annexed hereto as **Exhibit A**, and respectfully request that the Court approve the terms of the parties' settlement.

      This firm has made several attempts to contact counsel for Defendants, Top System Alarm, Inc. and In Joo Chung a/k/a Charles Chung ("Defendants"), so as to submit this motion jointly, but was unable to obtain his proposed edits and/or revisions. As such, this motion is filed by Plaintiff, only. We leave it to Defense counsel to join in or oppose this motion. That the parties have reached a settlement, however, remains unchanged. Plaintiff apologizes in advance for the delay in filing this motion.

## Statement of the Case

      Defendants operate an alarm installation business, where Plaintiff was hired as a technician and/or an assistant to a technician for the installation of the alarm system at Defendants' customers. Plaintiff alleges he regularly worked in excess of forty (40) hours and was paid a salary, to the exclusion of any overtime premium. In essence, Plaintiff claims his unpaid overtime premium, in violation of the FLSA and the New York Labor Law ("NYLL"). Defendants deny the allegations.

      As an initial matter, Defendants defaulted by failing to file their answer, and Plaintiff obtained a default judgment for $316,112.24 (DE#20). That default judgment was later vacated, and the parties completed written discovery while engaged in substantial settlement discussions, including before Your Honor. With the assistance of the Court, the parties have come to an agreement as to the terms of the settlement, as set forth below.

Case 1:21-cv-02446-WFK-JAM   Document 57   Filed 01/18/24   Page 2 of 6 PageID #: 779

## SETTLEMENT NEGOTIATIONS AND TERMS

The parties participated in mediation on March 24, 2023. The parties were unsuccessful but continued their discussion while progressing through discovery. The counsel for the parties also had a couple of telephone settlement conferences before Your Honor, which greatly assisted the parties in reaching the settlement requested for approval.

The parties had agreed to the final settlement figure of $110,000 more than two (2) months ago, and finally resolved the remaining issue of the payment term – a fixed first payment date subject to this Court's approval of the settlement. The parties now have signed their settlement agreement submitted herewith.

The settlement would be paid over six (6) months in equal installments, each allocated as follows:

- The first payment of $18,333.33 would first compensate Plaintiff's counsel for the costs and expenses incurred in this matter, $1,595.45, which accounts for the filing fee, service fee (for complaint and subpoenas), as well as fees associated with the execution of the default judgment before it was vacated. Of the remaining $16,737.88, one-third ($5,579.29) is allocated for Plaintiff's counsel and the other two-thirds ($11,158.59) for Plaintiff.
- One-third ($6,111.11) of each of the following five (5) installments of $18,333.33[1] would be paid to Plaintiff's counsel as Plaintiff's attorney's fee and the remaining two-thirds ($12,222.22)[2] of each installment to Plaintiff.

## THE TERMS OF THE SETTLEMENT ARE FAIR AND REASONABLE

"In considering a FLSA settlement submitted for approval, courts must consider whether the agreement reflects a 'reasonably compromise of disputed issues rather than a mere waiver of statutory rights brought about an employer's overreaching." Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-86 JS/MLO, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008). In doing so, courts in the Second Circuit consider "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic, Inc., 900 F.Supp.2d 332, 335 (2012) (citing Alleyne v. Time Moving & Storage, Inc., 264 F.R.D. 41, 54 (E.D.N.Y. 2010) (in the context of a FLSA class action)).

Although Defendants have not disclosed their financials to Plaintiff, Defendants have continuously pleaded financial difficulties during the parties' settlement discussions, hence causing a couple of months' delay in finalizing the parties' discussion to discuss an affordable payment

---

[1] Last payment would be $0.02 more, to account for rounding down to the nearest cent in the five (5) previous payments.
[2] The last payment for Plaintiff would be $0.02 more for the same reason.

plan. Such financial circumstances of Defendants adversely affect the potential for Plaintiff's recovery in excess of the settlement figure. Should this matter proceed to trial, the parties will incur great expenses, particularly due to the lack of documentation of Plaintiff's working hours and wage payments. Further discovery and trial would involve several witnesses and countless hours of examinations and cross-examinations, which would incur expenses for court reporters, interpreters, as well as counsel fees. By resolving this matter through settlement, the parties are indeed avoiding such expenses. And while Plaintiff is confident that he will prevail, so are Defendants. At trial, Plaintiff would have borne the risk associated with the lack of documentation of his work hours and that the only available witnesses are "hostile" witnesses still employed by Defendant. On the flip side, Defendants likewise have borne the risks associated with the absence of documentation for which Defendants were legally responsible for the maintenance, and the legal policies under the FLSA and the NYLL against penalizing plaintiff-employees for the employer's failure to comply with the recordkeeping obligations.

This settlement is certainly a result of an arm's-length bargaining. Both parties' counsel's primary practice of law is in employment law, and the settlement discussion was a heated one, as evidenced by several letters Defense counsel filed with the Court regarding the same. There have been no signs of "fraud or collusion" – both counsel zealously represented their respective clients' interests to bargain the best, practical, and financially feasible result.

Considering the above factors, the Agreement here is fair to Plaintiffs and the terms are reasonable. Plaintiffs have made an informed decision to settle this matter and to avoid the burdens, costs, and risks associated with trial and collection.

The parties are further assured of its reasonableness and fairness as the material terms of their settlement followed Your Honor's guidance during the telephonic settlement conferences.

## **PLAINTIFFS' ATTORNEYS' FEES ARE FAIR AND REASONABLE**

As set forth above, Plaintiffs' counsel will receive a total of $37,928.96. Of that total, $36,035.51 is attributed to Plaintiff's attorneys' fees and $1,893.45 is attributed to the costs incurred in this action. Such costs include the expenses incurred in the filing and service of papers necessitated in this action, as well as Plaintiff's attempt to enforce the default judgment entered in this matter before it was vacated. Plaintiffs' attorneys' fees represent one-third of the net recovery (i.e., total settlement minus costs and expenses), as provided for and agreed to by Plaintiff in the retainer agreement executed between Plaintiff and his counsel.

The one-third of the net recovery provided to Plaintiffs' counsel is fair, reasonable, and consistent with the range of fees typically awarded in the Second Circuit. The district courts in this Circuit may use either of two distinct methods to determine fairness: the percentage method or the lodestar-type method. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 58 (E.D.N.Y. 2010). "A one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 NGG VMS, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) (citing Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 LB, 2013

WL 5308277, at *1 (E.D.N.Y. Sept 19, 2013). As such, under the percentage method, the attorneys' fees provided to Plaintiffs' counsel are fair and reasonable.

The lodestar method further supports the reasonableness of the $36,134.884 in fees allocated to Plaintiffs' counsel for their fees. As the invoices annexed hereto as **Exhibit B** shows, the hourly billing for this matter totals $14,735.00[3] for Plaintiff's counsel at Kim, Lim & Partners; and **Exhibit C** shows the hourly billing for this matter totals $28,480.00 for Plaintiff's counsel at the Law Offices of Hyung S. Kim. The total lodestar billing by both Plaintiff's counsel is $43,215.00

Plaitniff's counsel Hyung S. Kim initially represented Plaintiff in this matter, including by obtaining the default judgment. When our respected colleague, Ryan Kim, appeared in this action as Defense counsel and vacated the default judgment, this firm, Kim, Lim & Partners, also appeared in this action as Plaintiff's counsel as the lead counsel. Mr. Kim continued to maintain direct contact with Plaintiff to discuss court schedules, provide status updates, and engage Plaintiff in active settlement discussions.

The amount provided to Plaintiffs' counsel under the terms of this settlement is only 83% of the total lodestar billing. See e.g., Castillo v. Cranes Express Inc., 18-cv-1271, 2018 WL 7681356, at *5 (E.D.N.Y. Dec. 12, 2018) (approving 1.26 multiplier).

The hourly rates of the attorneys who performed the billed work are reasonable based on their brief biography:

Mr. Hyung S. Kim, whose work on this matter is detailed in Exhibit C, has been practicing law since 2005, after graduating from Brooklyn Law School. Mr. Kim is a solo practitioner representing clients in various fields of law including wage and hour laws. Having represented both the employee-plaintiffs and employer-defendants in employment law actions, Mr. Kim has a history of obtaining favorable results for both sides. Given his experience in legal practice, his hourly rate of $400 for his services is reasonable.

Mr. Joshua Lim, represented by the initial "JL" on the invoices, is a partner at Kim, Lim & Partners. He has been practicing law since 2004, after having graduated from the University of Minnesota Law School. Mr. Lim specializes in commercial and labor law litigation. Throughout his practice, Mr. Lim has represented both plaintiffs and defendants in labor law actions. Mr. Lim is the recipient of multiple awards, including the "Top 40 Under 40" award, the "Top Attorneys New Jersey Outstanding Young Lawyers" award, the "Super Lawyers" award, and the "Top 100 Lawyers" award. The only billing for Mr. Lim appearing on the invoice is for the first four (4) hours of the mediation held March 24, 2023, Mr. Lim continued to be involved in this matter, strategizing and consulting as necessary, without billing his hours. Given Mr. Lim's experience and accolades, his hourly rate of $400 is reasonable.

---

[3] The total shown on the invoices are $15,546.90, but this includes $811.90 in costs and expenses. The difference is $14,735.00.

Mr. Sean Kwak, the undersigned, represented by the initial "SK" on the invoices, is an associate at Kim, Lim & Partners. Mr. Kwak joined Kim, Lim & Partners in 2016 as a law clerk and has been involved in labor law litigation for seven (7) years since. Mr. Kwak was admitted to practice law in February 2017. Mr. Kwak represents both plaintiffs and defendants in labor law actions and is also a recipient of the "Super Lawyers Rising Star" award for 2023 and 2024 (selected, pending). The hourly rate of $400 for both Mr. Lim and Mr. Kwak is more than reasonable for counsel's experience, especially given the recent inflation.

Mr. Brandon Yoon, represented by the initial "BY" has been a paralegal at Kim, Lim & Partners since 2019 and handles email communications and provides updates to clients; Plainiff's counsel bills at a modest hourly rate of $170 per hour for the paralegals' work.

The requested attorneys' fees and costs, compared to the lodestar to which a multiplier of 0.86 is applied, are reasonable under the circumstances. Plaintiffs have also agreed to the fees and costs by signing the retainer agreement before the commencement of this action.

## **CONCLUSION**

Plaintiffs and Defendants have been represented by their respective counsel throughout this lawsuit. Under their counsel's guidance and advice, the parties have approved of and agreed to the terms of the settlement. Plaintiffs' interests have thus been adequately safeguarded.

For the foregoing reasons, the parties believe the terms of the settlement are fair and reasonable and that this Court should approve of the same. A stipulation of dismissal will be filed upon Your Honor's approval of the parties' settlement.

Thank you for the Court's consideration in this matter.

    Respectfully submitted,

    */s/ Sean S. Kwak*_____
    Sean S. Kwak
    Kim, Lim & Partners
    *Attorneys for Plaintiff*

cc: Ryan Kim, Esq., attorney for Defendants – via ECF