UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SON JONG SUNG, on behalf of himself and others
similarly situated,

                       Plaintiff,

            v.

TOP SYSTEM ALARM INC., IN JOO CHUNG a/k/a
CHARLES CHUNG, JOHN DOES 1-10 (said names
being fictitious), and JOHN ROE CORPS. 1-10 (said
named being fictitious),

                       Defendants.
-------------------------------------------------------------------X

**REPORT &**
**RECOMMENDATION**

21-CV-2446
(Kuntz, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On May 3, 2021, Plaintiff Son Jon Sung commenced this action against Defendants Top

System Alarm, Inc., In Joo Chung a/k/a Charles Chung, John Does 1-10 (said names being

fictitious), and John Roe Corps. 1-10 (said named being fictitious),  alleging wage and hour claims

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor

Law ("NYLL").  *See generally* Dkt. No. 1.

The parties reached a settlement in this matter, and on January 18, 2024, Plaintiff filed a

motion requesting that the Court approve the Settlement Agreement ("Settlement Agreement") as

fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

*See* Dkt. No. 57.  On February 20, 2024, the Honorable William F. Kuntz II, United States District

Judge, referred the motion to the undersigned for a report and recommendation.  *See* Dkt. No. 59.

On April 9, 2024, the Court held a fairness hearing and directed Plaintiff to file additional

documents, including a copy of his retainer agreement with counsel and the affidavit of confession

of judgment that he signed in connection with the Settlement Agreement.  *See* Apr. 9, 2024 Dkt.

Order; *see* Dkt. No. 63 (Transcript).  Plaintiff filed these supplemental documents on April 11, 2024.  *See* Dkt. No. 62.

For the reasons set forth below, this Court respectfully recommends that the Settlement Agreement be approved as fair and reasonable.

## I.    Relevant Background

Plaintiff alleges that he was employed by Defendants to install security and fire alarms from approximately March 2016 through March 20, 2020.  *See* Dkt. No. 1 ¶¶ 21, 24; *see also* Dkt. No. 57, at 1.  Plaintiff alleges that he regularly worked in excess of forty hours each week and was paid a salary, to the exclusion of any overtime premium.  Dkt. No. 57, at 1.

On May 3, 2021, Plaintiff filed a complaint, on behalf of himself and all other similarly situated employees, alleging the following claims:  (1) failure to pay unpaid minimum wages under the FLSA and NYLL; (2) failure to pay overtime compensation under the FLSA and NYLL; (3) failure to pay spread-of-hours compensation under the NYLL; and (4) failure to provide proper wage notices and wage statements in accordance with the NYLL.  *See* Dkt. No. 1 ¶¶ 48-75.  Defendants defaulted by failing to answer the complaint (Dkt. No. 8), and on September 9, 2022, Plaintiff obtained a default judgment for $316,112.24 (Dkt. No. 20).  That default judgment was later vacated (Dkt. No. 29), and on January 13, 2023, Defendants filed their answer to the complaint (Dkt. No. 33).

The parties then proceeded to mediation but were unable to reach a settlement.  *See* Dkt. No. 35; *see also* Mar. 24, 2023 Dkt. Order.  The parties proceeded with discovery while engaging in settlement discussions. *See* Dkt. No. 57, at 1.  The Court held settlement conferences on October 5, 2023 and October 30, 2023.  *See* Oct. 5, 2023 Minute Entry; Oct. 30, 2023 Minute Entry.  A

status conference was held on December 1, 2023 to further address settlement. *See* Dec. 1, 2023 Minute Entry and Order.

On or about December 26, 2023, the parties reached a settlement (Dkt. No. 56), and on January 18, 2024, Plaintiff filed a motion for approval of the Settlement Agreement. *See* Dkt. No. 57. The parties propose to settle the case for a total of $110,000.00 paid in equal installments over six months. *See* Dkt. No. 57, at 3; *see also* Dkt. No. 57-3, at 2-3. Of that amount, Plaintiff shall receive $72,071.04, and Kim, Lim & Partners (Plaintiff's counsel) shall receive $37,928.96, which consists of $36,035.51 in attorneys' fees and $1,893.45 in costs. *See id.*

## II.    Discussion

### A.    Legal Standard

In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020).

"A reviewing court must ensure that the proposed agreement between the plaintiff and the defendant reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Yunganaula v. D.P. Grp. Gen. Contractors/Devs. Inc.*, No. 21-CV-2015 (CBA) (MMH), 2023 WL 2707024, at *2 (E.D.N.Y. Mar. 30, 2023) (quoting *Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 445 (E.D.N.Y. 2022)); *see also Intal v. Erie Agustin, M.D. Primary Care, P.C.*, No. 18-CV-03196 (SJ) (JRC), 2022 WL 892084, at *2 (E.D.N.Y. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 889041 (E.D.N.Y. Mar. 25, 2022) ("In considering whether to approve an FLSA settlement, courts consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere

waiver of statutory rights brought about by an employer's overreaching." (quotations and citation omitted)).   Courts generally consider the following non-exclusive list of factors to determine whether a settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Jun Cui v. O2 Korean BBQ*, No. 19-CV-2794 (DLI) (SJB), 2020 WL 7034369, at *4 (E.D.N.Y. Feb. 11, 2020).

> Conversely, the following factors can weigh against approving a settlement:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Li*, 596 F. Supp. 3d at 445 (citations omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600.  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*; *see also Wolinsky*, 900 F. Supp. 2d at 336 (explaining that to enable the Court to evaluate the reasonableness of the proposed fees, counsel must submit evidence supporting their requested fees including, for example, billing records).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## B.    Settlement Terms

Here, this Court finds the terms of the Settlement Agreement fair and reasonable.  The Settlement Agreement "does not include the typical provisions that preclude approval, including (1) overbroad releases; (2) highly restrictive confidentiality provisions; (3) non-disparagement provisions that bar truthful statements; and (4) prohibitions on future employment."  *Li*, 596 F. Supp. 3d at 450.  The Settlement Agreement does not contain a release, confidentiality provision, non-disparagement clause, or a prohibition on future employment.  *See* Dkt. No. 57-1; *see also* Dkt. No. 63 (counsel noting that the Settlement Agreement does not contain a confidentiality provision, a non-disparagement clause, or a refusal to re-employ).

The Settlement Agreement states that the settlement amount will be paid over six months in equal installments.  *See* Dkt. No. 57-1; Dkt. No. 57 at 3.  Such a payment plan is fair and reasonable.  *See, e.g., Intal*, 2022 WL 892084, at *2 (approving, in an FLSA case, a proposal "to settle the case for a total of $50,000.00 paid in equal installments over 18 months"); *Grijalba v. Metro Rite Laundromat, Inc.*, No. 20-CV-3398 (LB), 2021 WL 8316291, at *2 (E.D.N.Y. Oct. 7, 2021) (approving an FLSA settlement whereby the defendants paid a lump sum upon court approval and "the remainder of the settlement in $1,000 monthly installments for the following twenty months."); *Perechu v. Flaum Appetizing Corp.*, No. 18-CV-1085 (SJB), 2021 WL 9564384, at *3 (E.D.N.Y. Dec. 17, 2021) (approving a settlement in an FLSA case whereby payment was to be made in two equal installments: "the first being thirty (30) days after the Effective Date and the

second being no later than six (6) months after the date the first installment is made or October 1, 2022, whichever date is earlier.").

Accordingly, upon review of the Settlement Agreement as a whole, this Court finds the settlement terms fair and reasonable.

### C.    <u>Settlement Amount</u>

The parties propose a total settlement amount of $110,000.00.  *See* Dkt. No. 57-1, at 2.  In reaching this settlement, Plaintiff recognizes that several issues could adversely impact his recovery.  First, there is a lack of documentation of Plaintiff's working hours and wage payments. *See* Dkt. No. 57, at 4.  If this matter were to proceed to trial, Plaintiff would bear the risks associated with the lack of documentation and the added fact that the only available witnesses are hostile witnesses still employed by Defendants.  *Id.*  Defendants, on the other hand, would bear the risks associated with the absence of documentation for which they were legally responsible to maintain. *Id.*

Second, Defendants have repeatedly pleaded financial difficulties during the parties' settlement discussions.  *Id.*  Given Defendants' apparent financial situation and Plaintiff's expressed concerns about collectability, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable."  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

Third, the Court recognizes that the Settlement Agreement was the product of arm's-length negotiations between experienced counsel.  *See* Dkt. No. 57, at 4.  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.  If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."  *Meigel v. Flowers of the World, NYC, Inc.*, No. 11-CV-465

(KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) (quoting *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).  Here, there is no question that the parties' negotiations were contentious, as evidenced by the unsuccessful mediation, two settlement conferences, and the letters submitted to the Court about the parties' negotiations.  *See* Dkt. No. 57, at 4; *see also* Dkt. No. 55.  This Court therefore has no doubt that "the proposed settlement reflects a reasonable compromise over contested issues."  *Meigel*, 2012 WL 70324, at *1 (quotations and citation omitted).

Finally, there is nothing to suggest that the proposed settlement is tainted by "fraud or collusion."  *Wolinsky*, 900 F. Supp. 2d at 335; *see also* Dkt. No. 57, at 4.  And although the FLSA places "strict limits on an employee's ability to waive claims for fear that employers would otherwise coerce employees into settlement and waiver," *Wolinsky*, 900 F. Supp. 2d at 335 (cleaned up), these concerns are not as relevant because Plaintiff no longer works for Defendants, *see, e.g., Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (noting that plaintiffs are "no longer employees of the defendants," which "reduc[es] the danger that the release was obtained through improper job-related pressure").

Given the disputed factual issues, the stage of the proceedings where the parties have conducted substantial discovery, risks inherent in litigation, and Defendants' financial woes, this Court finds that Plaintiff's recovery under the settlement is fair and reasonable, and is within the possible range of recovery.

### D.    Attorneys' Fees and Costs

According to the proposed Settlement Agreement, $36,035.51 of the settlement funds will go to Plaintiff's counsel to cover attorneys' fees and $1,893.45 will cover costs.  *See* Dkt. No. 57, at 4.  The costs requested include filing fees and fees for effectuating service on Defendants.  *See*

7

*id.* "Courts often award costs that are 'incidental and necessary to plaintiff's representation.'" *Morales v. City Scrap Metal, Inc.*, No. 19-CV-6682 (CLP), 2022 WL 20539979, at *5 (E.D.N.Y. Nov. 16, 2022) (cleaned up).

Plaintiff's attorneys' fees reflect one-third of the net settlement amount, and Plaintiff agreed to compensate counsel in the amount of one-third of the net settlement amount. *See* Dkt. No. 57, at 4; *see also* Dkt. No. 62-2. As Plaintiff notes, "[a] one-third contingency fee is a commonly accepted fee in this Circuit." Dkt. No. 57, at 4 (quoting *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014)); *see also Shamsundar v. FCS Grp. LLC*, No. 18-CV-2514 (KAM) (LB), 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019) ("Courts in this district generally find 33% of the overall settlement, mirroring the one-third contingency fee arrangement to be reasonable"); *Romero v. Westbury Jeep Chrysler Dodge, Inc.*, No. 15-CV-4145 (ADS) (SIL), 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (collecting cases).

Still, "[c]ourts must assess the reasonableness of plaintiff's attorneys' fees, regardless of whether the fee has been negotiated as part of the settlement amount." *Morales*, 2022 WL 20539979, at *5 (cleaned up). Courts consider the following six factors when assessing the reasonableness of attorneys' fees in FLSA settlements: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation[]; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

In calculating attorneys' fees, courts have used one of two methods: the "lodestar" method and the "percentage-of-recovery" method. *See Allen v. Taylor*, 795 Fed. App'x 79, 80 (2d Cir. 2020). When using the "lodestar" method, courts multiply the number of hours reasonably spent

by counsel on the matter by a reasonable hourly rate. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 551-52 (2010); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008). "While there is a strong presumption that this amount represents a reasonable fee, it may be adjusted upward or downward based on other considerations." *Cowan v. Ernest Codelia, P.C.*, No. 98-CV-5548 (JGK), 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), *aff'd sub nom. Cowan v. Codelia*, 50 F. App'x 36 (2d Cir. 2002) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). Indeed, "courts in this Circuit have applied a multiplier to the lodestar calculation." *Morales*, 2022 WL 20539979, at *5 (collecting cases).

Instead of using the lodestar method, courts may also employ the "percentage of the fund" method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417–18 (2d Cir. 2010) (collecting cases). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. *See Romero*, 2016 WL 1369389, at *2 (collecting cases). "However, a one-third percentage may be 'simply too great' in relation to the work performed." *Morales*, 2022 WL 20539979, at *5 (quoting *Larrea v. FPC Coffees Realty Co.*, No. 15-CV-1515 (RA), 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017)). "In FLSA cases, regardless of the method used, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Id.* (quotations and citation omitted).

Here, Plaintiff retained two law firms in connection with this action. *See* Dkt. No. 57, at 5. Plaintiff's counsel Hyung S. Kim initially represented Plaintiff in this matter. *See id.* Mr. Hyung S. Kim is a solo practitioner who has been practicing law since 2005 and represents clients

9

in various fields of law including wage and hour laws. *Id.* Mr. Kim seeks $28,480.00 in attorneys' fees, which represents 71.20 hours of work billed at his hourly rate of $400.00. *See* Dkt. No. 57-3. As reflected on the invoice submitted by Mr. Kim, his work consists of drafting the summons and complaint, obtaining the default judgment, opposing the motion to vacate, and participating in mediation and settlement. *Id.*

Plaintiff also retained the law firm Kim, Lim & Partners, who appeared in this action after Defendants vacated the default judgment and served as lead counsel for Plaintiff. *See* Dkt. No. 57, at 5. Kim, Lim & Partners submitted invoices for $14,735.003, which reflects time spent on discovery and participating in mediation and settlement. *See* Dkt. No. 57-2.

Mr. Joshua Lim, represented by the initials "JL" on the invoices, is a partner at Kim, Lim & Partners, has been practicing law since 2004, and specializes in commercial and labor law litigation. *See* Dkt. No. 57, at 5. Mr. Lim seeks an hourly rate of $400.00. *Id.* Mr. Sean Kwak, represented by the initials "SK" on the invoices, is an associate at Kim, Lim & Partners and has been involved in labor law litigation for seven years. *Id.* at 6. Mr. Kwak seeks an hourly rate of $400.00. *Id.* Finally, Mr. Brandon Yoon, represented by the initials "BY" on the invoices, is a paralegal at Kim, Lim & Partners. *Id.* Mr. Yoon's hourly rate is $170.00. *Id.*

This Court finds the hours billed reasonable in light of the procedural nuances of this case. The Court also finds Mr. Kim and Mr. Lim's hourly rate of $400.00 reasonable and Mr. Yoon's hourly rate of $170.00 reasonable. *See, e.g.*, *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *17 (E.D.N.Y. Sept. 29, 2023) (explaining how courts in this district typically award hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases); *Lopez v. 1923 Sneaker, Inc.*, No. 18-CV-3828 (WFK) (RER), 2021 WL 1845057, at

10

*9-10 (E.D.N.Y. Mar. 5, 2021) (collecting cases correlating rates to numbers of years of experience and awarding $375 an hour to a founding and managing partner of a labor and employment firm with eighteen years of experience), *report and recommendation adopted*, 2021 WL 1259623 (E.D.N.Y. Apr. 6, 2021).

This Court does not, however, find Mr. Kwak's $400.00 hourly rate reasonable. *See Esquivel*, 2023 WL 6338666, at *17. Courts in this district generally award associates hourly rates ranging from $100.00 to $325.00 depending on years of experience. *Id.* "Nevertheless, the Court need not approve the specific hourly rate requested here as the agreed upon fee award is still reasonable even if plaintiff's counsel is claiming a higher rate than is acceptable." *Castillo v. Cranes Express Inc.*, No. 18-CV-1271 (PKC) (LB), 2018 WL 7681356, at *5 (E.D.N.Y. Dec. 12, 2018). Indeed, since "counsel is seeking an award less than [the] lodestar; counsel's award is a reasonable amount." *Morales*, 2022 WL 20539979, at *6; *see also* Dkt. No. 63 ("The total loadstar was actually $43,150, which is greater than the attorneys' fee that both counsel are getting here").

The other *Goldberger* factors also weigh in favor of finding the award fair and reasonable: the risks of litigation are high, "FLSA claims typically involve complex mixed questions of fact and law," *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions that protect the wages of workers is served here. *See Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Thus, as Plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, and upon review of the parties' submissions and in consideration of the *Goldberger* factors set forth above, the Court finds the $36,035.51 attorneys' fees award amount to be fair and reasonable.

Accordingly, this Court respectfully recommends that Plaintiff's request for $36,035.51 in attorneys' fees and $1,893.45 in costs be granted.

**IV.     Conclusion**

Accordingly, for the reasons set forth above, this Court respectfully recommends that the Settlement Agreement be approved as a fair and reasonable compromise of Plaintiff's claims.

A copy of this Report and Recommendation is being electronically served on counsel.  Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Kuntz.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:          Brooklyn, New York
                     May 4, 2024

                                                            SO ORDERED:


                                                             /s/ Joseph A. Marutollo
                                                            JOSEPH A. MARUTOLLO
                                                            United States Magistrate Judge